UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOSE RUN, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>RENATO LIBRIC,<br><br>    Defendant. | Case No. 19-cv-01879-JCS<br><br>**ORDER FOR ADDITIONAL RESPONSE** |

On April 8, 2019, Plaintiff Moose Run, LLC ("Moose Run") initiated this action against Defendant Renato Libric, who is incarcerated at the Taft Correctional Facility and is not represented by counsel. According to a declaration by Plaintiff's counsel, Moose Run first attempted to serve Libric on April 23, 2019. Kravitz Decl. ¶ 8. Libric filed an objection dated May 8, 2019 in which he argued, *inter alia*, that service was not proper because the complaint was unsigned and the summons did not bear the seal of the Clerk of the Court or the Clerk's signature. Dkt. No. 9 ("First Objection"). After receiving the objection, Moose Run's counsel realized that his office had "inadvertently served Defendant with an incomplete summons that was not signed and sealed by the clerk as required." Kravitz Decl. ¶ 11. Therefore, on May 14, 2019, Moose Run made a second attempt at service. *Id*. The proof of service of summons was signed on May 17, 2019. *Id*. ¶ 12.

When Libric did not respond by June 7, 2019, Moose Run brought a Motion for Entry of Default. Dkt. No. 11. The Court then ordered a response to Libric's First Objection, which

1   Moose Run filed on June 24, 2019. Dkt. No. 19. On the same day, a second objection was
2   processed by the Clerk and appeared for the first time on the docket sheet. Dkt. No. 18 ("Second
3   Objection"). (The document is dated June 21, 2019 but because Libric is pro se and is not
4   permitted to e-file documents, it did not appear immediately on the docket sheet.)  In the Second
5   Objection, Libric states that when Moose Run served him the second time, at least two pages of
6   the filing were missing, that he had to piece together the documents he had received with pages
7   from the previous set of documents, and that he was still unsure if he had all of the pages of the
8   filing that Moose Run was attempting to serve on him. He also asks the Court to grant him an
9   extension of time to answer the complaint should the Court determine that service was adequate.

Because Moose Run's response does not address Libric's Second Objection, including his contention that the second set of documents that was served on him had missing pages, the Court requests that Moose Run file a supplemental response. In its supplemental response, Moose Run should address the allegation that the second set of documents was incomplete and provide a supporting declaration addressing whether there were any missing pages in the documents that were served and if so, which pages were missing. If Moose Run believes that no pages were missing, the declaration should set forth the basis for that belief. In addition, if any pages were missing from the second set of documents that was served on Libric, Moose Run should address why these missing pages do not render service inadequate. Moose Run should also address why, assuming the Court concludes that service was proper, there is not good cause to grant Libric an extension on the time to answer in light of his pro se status and the fact that he had already asserted objections that amounted to a Rule 12 motion at the time of Moose Run's second service attempt and the Court has not yet decided that motion. Moose Run's supplemental response shall be filed no later than **July 12, 2019.**

In the alternative, rather than filing this additional response, Moose Run may make a third attempt to serve Libric and withdraw its motion for entry of default. Should Moose Run choose this option, it should file a notice of its intent to do so and a withdrawal of its motion for entry of default no later than **July 12, 2019.** Libric will then be permitted to file a responsive pleading (whether it is a Rule 12 motion or an answer) within the time allowed under the Federal Rules of

Civil Procedure.

**IT IS SO ORDERED.**

Dated: June 28, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge