Renato Libric, 24907-111
Taft Correctional Institution
P O Box 7001, Taft
CA 93268



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOOSE RUN LLC
    Plaintiff

v

RENATO LIBRIC
    Defendant

Case No. 3-19-cv-1879-JSW

REQUEST FOR AN EXTENSION OF TIME TO FILE REPLY TO COMPLAINT AND SUMMONS PURSUANT TO RULE 12(a)(1)(A)(i)

TO THE ABOVE HONORABLE AND ALL PARTIES OF RECORD

PLEASE TAKE NOTICE that the Defendant Renato Libric hereby respectfully requests the above Honorable Court to grant him an extension of time to file a reply to the plaintiff's Complaint and Summons to October 16, 2019, a period of 90 days in order for him and his family to engage an attorney to represent him, and to obtain documents and evidence, including the pleadings from a similar case, in Nevada, which was dismissed for lack of jurisdiction, that defendant presently has no access to, all pertaining to the business of Moose Run and Bouxtie Inc.

This application is based on the declaration of Renato Libric made on July 16, 2019, the files and records in this case, and in the interest of justice.

Respectfully submitted                  Dated July 16, 2019

Renato Libric
Defendant pro se

-i-

Case No. 3-19-cv-1879

## DECLARATION OF RENATO LIBRIC

On Thursday June 27, I received a third bundle of loose papers that referenced the above case number. There was no cover sheet, or index or table of contents, so I examined each document, grouped the papers into sets and compared them to the previous two bundles I had received. On July 3, I wrote to attorneys Shepherd, Finkleman, Miller and Shah, representing the plaintiff's in this matter, see Exhibit "A" attached, to confirm what I had received and stated that, if the attorneys confirmed that the papers I had identified, constituted the entirety of their service of process, I would accept the bundle of documents as duly served. As at 5-00pm today, July 16, 2019, I have not heard from them. I am therefore not yet in a position to know whether I have received all the papers that constitute the service, and therefore whether service has been lawfully made.

Plaintiff admits his first attempt at service of process failed, but claims that a document signed by Ms Harlan - a counselor here at Taft, proves a lawful service. However, plaintiff is mistaken for a number of reasons. The second package of documents that included the complaint was not given to Ms Harlan by the plaintiff, either by personal delivery, or by mail, in fact Ms Harlan has never communicated with plaintiff by mail, phone, email, fax or any other means. Neither does Ms Harlan know who actually caused the papers to end up on her desk, i.e. whether it was the Court, plaintiff's attorneys, or a process server. As Acting Warden Georgina Puentes pointed out in her May 31, 2019 memorandum "Ms Harlan was not acting on anyone's behalf", but simply recorded that she had handed to me a bundle of loose papers. Furthermore, Ms Harlan did not see any original packaging, did not have any cover letter, table of contents, or document

-1-

summarizing the contents of the papers, and was not aware whether the papers she was handing to me were complete or, as it turned out were incomplete, see my declaration of June 12, 2019.

For these reasons Ms Harlan's "proof of Service" does not constitute lawful service of process according to either Federal or California law.

Taft Correctional Facility houses well over two thousand inmates, that generate thousands of incoming and outgoing documents, packages etc daily. Rigorous screening of incoming mail is required to restrict the flow of contraband, consequently, papers pass through many hands and levels of security. Missing papers are extremely difficult to find, for example, I have personally spent several hours attempting to locate the two missing pages of exhibits in plaintiff's second delivery without success. In another example, a fellow inmate, George Zimnyyakov, has been attempting to find four books that he mailed out to his family some weeks ago, by certified mail. He has the original machine stamped certified receipts, but the U.S. Post Office say that the books did not make it to the U.S. Mail Sorting Depot, and Taft C.I. is still trying to locate them.

To avoid these known problems, Taft C.I. operate a "legal mail" system which gurantees attorneys mail will be delivered unopened to the inmate addressee, opened in his presence and recorded in a permanent register, - see Exhibit "B" attached. If plaintiff's attorneys would make use of this system - which is a free service - missing and damaged documents would be eliminated.

Notwithstanding the problems with incoming mail and service of process, I have a very great difficulty in being able to reply to Plaintiff's complaint at the present time, and for the reasons set forth below

-2-

I respectfully request an extension of ninety days to resolve these problems and file a response pursuant to Rule 12(a)(1)(A)(i). After I received the first bundle of papers from plaintiff, I realized that claims were being against me in respect to Bouxtie Inc. a corporation that I was involved with, and to similar claims made in a Nevada Action No. CV-425-GMN-NJK, that had been dismissed for lack of jurisdiction. I therefore contacted Mr Shad Aldrich, the former admin executive of Bouxtie Inc to request copies or originals of all the records relating to MooseRun LLC. I also reached out to my former lawyers Jeff Silvestri, and Donald Cerrano, to request copies of the documenation that had been provided to them in respect to the Nevada Action.

I was informed by Shad Aldrich that all the MooseRun LLC information had been given to the Nevada attorneys,, and attorney Silvestri said that all the paperwork had been sent to Jason P. Matechak and George Kostel in Arlington Virginia, who wrote the briefs. At the same time I wrote to the Court requesting an extension of time to request time to reply to plaintiff's complaint pursuant to Rule 12(a)(1)(A)(i).

I also realized that as an artist, designer and illustrator, without any legal knowledge or training, I was ill equipped to contest a federal lawsuit prosecuted by two prestigious law firms such as Shepherd, Finkleman Miller and Shah LLP and Albtight, Stoddard, Warwick and Albright. I therefore contacted my family in Croatia to see if it would be possible to raise $150,000, i.e. ±K900,000 Kuna, to engage the services of a competent attorney to defend the suit.

My family are in the home construction and farming business situated in rural Croatia, about 2½ hours from Zagreb and 7½ hours from

Dubrovnik. Tentatively, my family have chosen three properties that would each qualify for a property loan of ±K300,00 Kuna, and I understand that discussions have already taken place with local banks regarding two of the properties, and I expect my family can soon move forward with a formal loan application.

In addition to the regular digital files Bouxtie Inc. used to run its business, the Corp. made back-up copies of every digital gift card and mobile payment, which copies will be useful for my defense. These back up copies totalling over one million pages were conainerized and shipped to secure storage in Zagreb, by a San Francisco freight company 'Mayflower', on September 13, 2018, and I have asked accountant Ms Sonja Horvat to identify any and all documents pertaining to Moose Run for shipment to my new lawyer, when I am able to engage him/her.
It is also important to my defense that many of the former executives and employees of Bouxtie are located and available to testify in my defense, as well as the forensic accountants who investigated Bouxtie and reported on its handling of the Moose Run investment, and concluded that every penny of Moose Run's investment in Bouxtie was properly and lawfully spent in accordance with the agreement.

My defense will show that Moose Run LLC has painted a false and misleading picture of the circumstances surrounding its Bouxtie investment. Plaintiff has minimised and ignored its own failures to perform as partners in the business, and conceals the overriding motive for its investment, which was to launch Moose Run into the profitable digital gift card business that it lacked the expertise and resources to enter on its own.

At this present time, I am serving a 36 month custodial sentence for wire fraud in connection with Bouxtie Inc. activities, for which I

took the sole blame, however, my acceptance of responsibility for this violation does not entitle Moose Run to an automatic presumption of success in its action against me. Given that the truth will prevail, I will show that my conduct in connection with Moose Run's Investment in Bouxtie was entirely honorable, and Moose Run have no legitimate complaint against me for any lack of success they claim to be deprived of. I receive an income of $17.00 per month for my inmate employment as an assistant in the education department, and I struggle to maintain a positive balance in my prison trust account.

I am currently negotiating with attorneys Matechak and Kostel a reasonable fee for them to supply the documents, pleadings and exhibits in the Nevada case. Presently, they are asking an excessive fee for such a basic service, and given my level of income I may not be able to meet their demands until my family have secured enough funding to engage the services of counsel.

I am therefore facing an acute short term problem of having no files, records or legal knowledge to defend myself , I have not received a reply from Plaintiff's attorneys to my letter of July 3, which would have enabled me to waive service of process, and for the above reasons respectfully request an extension of time to file a reply to plaintiff's complaint and summons to October 16, 2019,

I Renato Libric, hereby declare that I am the Defendant in the above captioned action, and that the content of this declaration is true and correct to the best of my knowledge and belief, under penalty of perjury according to the laws of the United States.

Executed this 16 day of July, 2019 at Taft, Kern County, California.

Renato Libric

-5-

EXHIBT-"A"

Renato Libric 24907-111
Taft Correctional Institution, P O Box 7001, Taft, CA 93268


Shepherd Finkleman Miller & Shah LLP
1230 Columbia Street, Suite 1140
San Diego
CA 92101

July 3, 2019

Re: <u>Moose Run LLC v Renato Libric, No: 3:19-cv-1879-JCS</u>

Dear Sirs,

I write to acknowledge receipt of a package of documents on Thursday June 27th 2019, which included:

1. Copy of your letter of May 14 to Grievance Counselor Mr Dale Patrick

2. Plaintiff's Opposition to Defendants objections to service of Process, seven pages

3. Declaration of Mr Ronald Kravitz dated June 24, 2019, in support of 2. above, three pages.

4. Summons and Complaint, including six exhibits, comprising 101 pages.

5. Civil cover sheets, two pages

6. Order setting Initial case Management Conference and ADR Deadlines.

7. Notice of Assignment of Case/ Consent or declination to Magistrate Judge Jurisdiction, two pages.

8. Civil Standing Orders for Magistrate Judge Joseph C. Spero

Please let me know as soon as possible if the above does not include any document you believe should have been served to me.

-1-

I have carefully examined the contents above, with particular attention to the Complaint. It is my belief that subject to your answer to the question above I have now received a complete copy of the Summons and Complaint.

I would also respectfully point out that to avoid the problems in getting documents to me, your form uses the Legal Correspondence procedures set forth in the BOP Policy Statement §540.19, which I enclose a copy for your information. By using this procedure, all "legal mail" reaches me unopened, and is recorded in a register.

Mail simply addressed to me or addressed to a Prison staffmember, is required to follow a security clearance examination which can take days, and goes through many hands, and sometimes requires me to chase down missing documents in this large prison complex. Finally, asking a staffmember to serve a set of documents as a "process Server" is ineffective, because, as in this recent case with Ms Harlan, she does not know she is acting for, does not know whether the papers are complete, or how they arrived at the prison.

I am sending a copy of this letter to the Court for its information, and I will be making an application for an extension of time to answer the Summons and Complaint, pending my attempts to hire an attorney to represent me.

Thank you for your Cooperation

Renato Libric

Copy to District Court

[EFFECTIVE DATE NOTE: 62 FR 65184, 65185, Dec. 10, 1997, revised paragraphs (c) and (d), effective Jan. 9, 1998.]

## § 540.19 Legal correspondence.

(a) Staff shall mark each envelope of incoming legal mail (mail from courts or attorneys) to show the date and time of receipt, the date and time the letter is delivered to an inmate and opened in the inmate's presence, and the name of the staff member who delivered the letter. The inmate may be asked to sign as receiving the incoming legal mail. This paragraph applies only if the sender has marked the envelope as specified in § 540.18.

(b) The inmate is responsible for advising any attorney that correspondence will be handled as special mail only if the envelope is marked with the attorney's name and an indication that the person is an attorney, and the front of the envelope is marked "Special Mail--Open only in the presence of the inmate". Legal mail shall be opened in accordance with special mail procedures (see § 540.18).

(c) Grounds for the limitation or denial of an attorney's correspondence rights or privileges are stated in part 543, subpart B. If such action is taken, the Warden shall give written notice to the attorney and the inmate affected.

(d) In order to send mail to an attorney's assistant or to a legal aid student or assistant, an inmate shall address the mail to the attorney or legal aid supervisor, or the legal organization or firm, to the attention of the student or assistant.

(e) Mail to an inmate from an attorney's assistant or legal aid student or assistant, in order to be identified and treated by staff as special mail, must be properly identified on the envelope as required in paragraph (b) of this section, and must be marked on the front of the envelope as being mail from the attorney or from the legal aid supervisor.

[50 FR 40109, Oct. 1, 1985]