1  RONALD S. KRAVITZ, ESQ., CA #129704
   **SHEPHERD FINKLEMAN MILLER & SHAH, LLP**
2  201 Filbert Street, Suite 201
   San Francisco, California 94133
3  Tel:  (415) 429-5272
   Fax:  (866) 300-7367
4  rkravitz@sfmslaw.com

5
   G. MARK ALBRIGHT, ESQ., NB #001394 (Admitted *Pro Hac Vice*)
6  **ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
   801 South Rancho Drive, Suite D-4
7  Las Vegas, Nevada 89106
   Tel:  (702) 384-7111
8  Fax:  (702) 384-0605
   gma@albrightstoddard.com
9  *Attorneys for Plaintiff*

10

11                    **UNITED STATES DISTRICT COURT**

12                    **NORTHERN DISTRICT OF CALIFORNIA**

13

14  MOOSE RUN, LLC,                        CASE NO.:    3:19-cv-01879-MMC

15                Plaintiff,               **PLAINTIFF'S NOTICE OF MOTION
                                           AND MOTION FOR SUMMARY
16  vs.                                    JUDGMENT AGAINST DEFENDANT
                                           RENATO LIBRIC**
17  RENATO LIBRIC, individually; and DOES I
    THROUGH 10,                            **Complaint filed: April 8, 2019**
18
                Defendant.
19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT RENATO
LIBRIC

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

LAS VEGAS  NEVADA89106

**TO: THE ABOVE-CAPTIONED COURT AND TO DEFENDANT,**

PLEASE TAKE NOTICE that, Plaintiff, MOOSE RUN, LLC (hereinafter "Plaintiff" or "Moose Run"), by and through its undersigned counsel of record, hereby moves the above-entitled Court to enter a Summary Judgment in favor of Plaintiff and against Defendant, RENATO LIBRIC, individually (hereinafter "Defendant" or "Libric").

This Motion is made and based upon the Points and Authorities set forth below, the Declaration of Natalie Lim and accompanying exhibits, the pleadings and filings on file herein, and the underlying criminal conviction of Libric.

DATED this 13th day of December, 2019.

**SHEPHERD, FINKLEMAN, MILLER & SHAH, LLP**

/s/ Ronald S. Kravitz
RONALD S. KRAVITZ, ESQ.
California Bar No. 129704
201 Filbert Street, Suite 201
San Francisco, California  94133
Tel:  (415) 429-5272
Fax:  (866) 300-7367
rkravitz@sfmslaw.com

G. MARK ALBRIGHT, ESQ.
Nevada Bar No. 001394
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada  89106
Tel:  (702) 384-7111
Fax:  (702) 384-0605
gma@albrightstoddard.com
(Pro hac vice pending)
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. iii

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................1

I.      STATEMENT OF FACTS ....................................................................................1

II.     LEGAL ANALYSIS...............................................................................................4

        A.      Summary Judgment is the Proper Procedural Vehicle ...............................5

        B.      Partial Summary Judgment is Proper as There Can be No Genuine Issue
                of Material Fact as to any of Defendant's Admissions in the Criminal
                Proceeding..................................................................................................5

        C.      Estoppel.......................................................................................................6

III.    STANDARD FOR GRANTING SUMMARY JUDGMENT ...............................6

IV.     ARGUMENT ..........................................................................................................7

        A.      Summary Judgment Should Be Granted Under Principles of Collateral
                Estoppel.......................................................................................................7

                1.      Elements of the Collateral Estoppel Doctrine..................................7

                2.      Libric Should Disgorge His Ill-Gotten Gains .................................9

V.      CONCLUSION.....................................................................................................10

LAW OFFICES
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

LAS VEGAS, NEVADA 89106

# TABLE OF AUTHORITIES

Page

**Cases**

*Brazzell v. Adams,* 493 F.2d 489 (5th Cir. 1974)..................................................................6
*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ..................................................................5, 7
*Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558 (1951)......................................8
*Federal Sav. and Loan Ins. v. Kralj*, 968 F.2d 500 (5th Cir. 1992)...................................5
*FTC v. Stefanchik*, 559 F.3d 924 (9th Cir. 2009)...............................................................7
*Galen v. Cnty. of Los Angeles*, 477 F.3d 652 (9th Cir. 2007)...........................................7
*Hinkle Nw., Inc. v. SEC*, 641 F.2d 1304 (9th Cir. 1981) ...................................................8
*In re Media Vision Tech. Sec. Litig.*, 2003 WL 22227875 (N.D. Cal. Sept. 23, 2003) .....................8
*Ivers v. United States*, 581 F.2d 1362 (9th Cir. 1978) .......................................................8
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).........................5
*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ...............7
*Matsushita*, 475 U.S. at 587................................................................................................7
*Montana v. United States*, 440 U.S. 147 (1979) ................................................................7
*Neaderland v. Commissioner,* 424 F.2d 639 (2d Cir. 1970)................................................6
*Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979).........................................................7
*Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577 (5th Cir. 1986)................................6
*SEC v. Bilzerian*, 29 F.3d 689 (D.C. Cir. 1994) .................................................................8
*SEC v. Bravata*, 3 F. Supp. 3d 638 (E.D. Mich. 2014) ......................................................8
*SEC v. Colello*, 139 F.3d 674 (9th Cir. 1998)....................................................................10
*SEC v. Cross Fin. Servs., Inc.*, 908 F. Supp. 718 (C.D. Cal. 1995)..................................10
*SEC v. Dimensional Entm't Corp.*, 493 F. Supp. 1270 (S.D.N.Y. 1980) ..........................8
*SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450 (2d Cir. 1996) .........................................10
*SEC v. First Pac. Bancorp*, 142 F.3d 1186 (9th Cir. 1998)..............................................10
*SEC v. Gruenberg*, 989 F.2d 977 (8th Cir. 1993) ..............................................................8
*SEC v. JT Wallenbrock & Assocs.*, 440 F.3d 1109 (9th Cir. 2006) ...................................9
*SEC v. M&A West, Inc.*, 2005 WL 2988963, at *2 (N.D. Cal. Oct. 31, 2005)..................10
*SEC v. Mattera*, 2013 WL 6485949, *7 (S.D.N.Y. Dec. 9, 2013)......................................9
*SEC v. McGinn, Smith & Co.*, 2015 WL 667848, at *10 (N.D.N.Y. Feb. 17, 2015) ........8
*SEC v. Pace*, 173 F. Supp. 2d 30 (D.D.C. 2001) ...............................................................8
*SEC v. Rind*, 991 F.2d 1486 (9th Cir. 1993).......................................................................9
*SEC v. Tzolov*, 2011 U.S. Dist. LEXIS 8562, at *3 (S.D.N.Y. Jan. 26, 2011) .................8
*Smith v. SEC*, 129 F.3d 356 (6th Cir. 1997) .......................................................................8
*Taylor v. Sturgell*, 553 U.S. 880 (2008)..............................................................................8
*U.S. v. Chenault*, 1994 WL 1890932, at *1 (N.D. Miss. Oct. 19, 1994) ...........................5
*U.S. v. Mwalumba,* 688 F.Supp.2d 565 (N.D. Texas 2010) ...............................................6
*United States v. Real Prop. Located at Section 18*, 976 F.2d 515 (9th Cir. 1992) ...........9
*United States v. Thomas,* 709 F.2d 968 (5th Cir. 1983)......................................................6
*v. Sawyer,* 47 F.3d 716, 722 n. 13 (5th Cir. 1995)..............................................................6
*W. Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280 (9th Cir. 1984) ...............10

**Statutes**
18 U.S.C. § 1343...................................................................................................................5
Fed. R. Civ. P 56(c) ..........................................................................................................6, 8

**Other Authorities**
18 Moore's Federal Practice § 132.02[4] [d]........................................................................7

LAW OFFICES
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

LAS VEGAS, NEVADA 89106

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice
   & Procedure* § 4474 (2d ed.) ...............................................................................................11
Mandatory Victim's Restitution Act ("MVRA"). 18 U.S.C. § 3664(j)(2) ....................................6
MVRA. 18 U.S.C. § 3664(1) ........................................................................................................7

LAW OFFICES
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

LAS VEGAS, NEVADA 89106

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      STATEMENT OF FACTS**

In July 2017, Erica Lill, an employee of Keiretsu Forum / Keiretsu Capital, a successful venture investment banker, contacted Plaintiff Moose Run, LLC ("Plaintiff") regarding an opportunity to invest in Bouxtie, Inc., a three-year start up technology company based in various locations in Silicon Valley, California.  *See*, Declaration of Natalie Lim ("Lim Dec."). ¶3.

Shortly thereafter Erica Lill connected Plaintiff to Defendant Renato Libric ("Defendant" or "Libric") at a Keiretsu Forum meeting.  Defendant reached out to Plaintiff for the purpose of seeking additional financing for Bouxtie, Inc.  Defendant held himself out to Natalie Lim and David Lipson that he was a successful businessman and a lucrative business opportunity could be available to Plaintiff should they make an investment. *See*, Lim Dec., ¶4.

In August 2017, Libric represented to Plaintiff that there was over $5,000,000 committed in Series B preferred stock but had availability for up to $10,000,000 and the closing was imminent. *See*, Lim Dec., ¶5.  Libric provided Plaintiff with a presentation packet which included an expression of interest for purchase of Bouxtie, Inc. from First Data Corporation, a large public company, at a price of $150,000,000. A further expression of interest was presented from Mastercard, Inc. That letter suggested a price of $300,000,000. Both documents were Docusigned by the Plaintiff and were later found by federal prosecutors to be forgeries. *See*, Lim Dec., ¶6.

Libric emailed to Plaintiff a Note Purchase Agreement and an Unsecured Convertible Note Agreement for this transaction. He also sent copies of the Term Sheets for Series B preferred stock commitments totaling $10,000,000 Docusigned and dated August 3, 3017, which were later found to be forgeries.  *See*, Lim Dec., ¶7.

Libric also emailed to Plaintiff a copy of an August 2017 bank statement showing a bank balance of $2,175,574.87. Plaintiff and federal prosecutors confirmed later that the bank statement was altered to show at least $2,000,000 more than what was actually in the account which amount has been embezzled by Libric. *See*, Lim Dec., ¶8.

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 3:19-01879-MMC

LAW OFFICES
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA89106

LAS VEGAS, NEVADA89106

-2-

Based upon Libric's false representations, Plaintiff agreed to enter into various agreements to invest in Bouxtie, Inc., an entity of which Libric was the controlling shareholder and Chief Executive Officer. *See*, Lim Dec., ¶9.

Pursuant to the agreements entered into between Plaintiffs and Defendants, Plaintiff agreed to invest a total amount of $1,500,000.00 with Libric's company. All documents were signed and said funds were wired from Nevada into the Bouxtie, Inc. bank account at Silicon Valley Bank at Libric's direction. *See*, Lim Dec., ¶10.

David Lipson was to become a Director for Bouxtie, Inc. A Docusigned Corporate Resolution executed by all Directors was provided to support the entire transaction. Federal prosecutors later determined that the corporate resolution was a forgery. *See*, Lim Dec., ¶11.

On October 13, 2017, final documents for the investment into Bouxtie, Inc. of $1,500,000.00 were executed between Plaintiff and Renato Libric on behalf of Bouxtie, Inc. Throughout his interactions with Plaintiff, Libric represented himself to the team of Plaintiff as extensively trained with sophisticated experience in finance, including financing of businesses through banks and other financing sources. *See*, Lim Dec., ¶12.

He also represented himself to our Moose Run team as a highly experienced technology sales person. David Lipson and Natalie Lim relied upon Libric's explicit representations of pending contracts with customers, other investors, bank statements, and corporate resolutions. *See*, Lim Dec., ¶13.

In reliance on Libric's fraudulent scheme, David Lipson signed on behalf of Plaintiff the following documents: Note Purchase Agreement, Unsecured Convertible Note, Stock Purchase Agreement and Supplemental Agreement, attached to the Lipson Declaration as **Exhibits "1," "2," "3," and "4"** respectively. *See*, Lim Dec., ¶14.

Libric provided to Plaintiff a forged, Docusigned entirely by Plaintiff, Corporate Resolution from the Board of Directors approving Plaintiff's investment, attached hereto as **Exhibit "5"** attached to the Lipson Declaration. *See*, Lim Dec., ¶15.

Thereafter, Libric represented that the Series B had closed and sent Plaintiff an authorized stock certificate for 947,059 shares of Bouxtie, Inc., attached to the Lim Declaration as **Exhibit "6."**

LAW OFFICES
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

LAS VEGAS, NEVADA 89106

1   While the stock certificate is valid, the signatures are forged, and the issuance was never authorized.

2   David Lipson and Natalie Lim were later informed that Bouxtie's Board of Directors was not aware

3   of any part of this investment scheme perpetrated by Libric.  *See*, Lim Dec., ¶16.

4          In February 2018, Plaintiff's principals, representatives, and/or agents reported Defendant's

5   conduct to the Las Vegas Metropolitan Police Department ("LVMPD").   Upon information and

6   belief, LVMPD prepared a report and referred the matter to the Redwood City Police Department

7   ("RCPD"). Upon information and belief, the RCPD referred this matter to the local office of the

8   Federal Bureau of Investigation ("FBI") because the RCPD does not have a financial crimes unit.

9   *See*, Lim Dec., ¶17.

10         On May 10, 2018, Libric was arrested based on a federal grand jury indictment for forging

11  signatures on documents to carry out the fraud.  Libric currently remains in federal custody after his

12  sentencing.  (*See* Department of Justice press release dated December 19, 2018, attached to the

13  Lipson Declaration as **Exhibit "7,"**).  *See*, Lim Dec., ¶18.

14         Libric, the former Chief Executive Officer of Bouxtie, Inc., was sentenced to 36 months in

15  federal prison for wire fraud by United States District Judge Maxine M. Chesney,  Libric pleaded

16  guilty to the wire fraud charge on September 5, 2018. *See*, Lim Dec., ¶19.

17         According to his plea agreement, Libric admitted that from August 2017 through February

18  2018, he devised and carried out a scheme to defraud potential investors in Bouxtie, admitting that

19  an essential purpose of the scheme was to overstate the financial condition and prospects of Bouxtie,

20  and to induce potential investors to believe Libric had authority to sell shares in Bouxtie to investors.

21  *See*, Lim Dec., ¶20.

22         Libric took multiple steps to convince Plaintiff to invest $1.5 million dollars in Bouxtie. As

23  part of the scheme, he fraudulently suggested to David Lipson and Natalie Lim that a large publicly

24  traded corporation was interested in purchasing Bouxtie at a price of $150 million.  *See*, Lim Dec.,

25  ¶21.

26         To bolster this claim, Libric admitted that he fraudulently placed the signature of an

27  executive with the alleged purchasing corporation on a forged Term Sheet. The Term Sheet

28  purported to indicate that the large corporation was interested in the purchase of Bouxtie. In addition,

-3-

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA89106

LAS VEGAS  NEVADA89106

1   Libric caused the falsified Term Sheet and a falsified bank statement to be transmitted to Plaintiff's

2   team. The false bank statement suggested Bouxtie had a balance of over $2,000,000 in an account

3   when, in fact, there was only $7,642.82 in the account. *See*, Lim Dec., ¶22.

4       Furthermore, Libric placed the signatures of members of Bouxtie's Board of Directors on a

5   document that purported to authorize Libric to enter into agreements pursuant to which the investors

6   would lend $1.5 million to Bouxtie and that the loan eventually would be converted into shares of

7   Bouxtie.  *See*, Lim Dec., ¶23.

8       As a result of his scheme, Libric convinced Plaintiff's team to transfer $1.5 million into

9   accounts belonging to Bouxtie.  *See*, Lim Dec., ¶24.

10      On May 10, 2018, a federal grand jury indicted Libric, charging him with one count of wire

11   fraud, in violation of 18 U.S.C. § 1343 and 2.  In September, Libric pleaded guilty to the federal

12   fraud charge and agreed to make restitution to the victims for their losses in Case No. 3:18-cr-00196-

13   001-MMC.  *See*, Lim Dec., ¶25.

14      In addition to the prison term, Judge Chesney also sentenced Libric to a three-year period of

15   supervised release and ordered him to pay over $1.5 million in restitution to Plaintiff herein. *See*,

16   Lim Dec., ¶26.

17      In March of 2019, Libric requested a transfer to a prison in Mexico, falsely claiming he was

18   a Mexican national, when in fact he admitted previously in his sentencing briefs to be a National of

19   Croatia.  *See* "Judgment in a Criminal Case," Case No. 3:18-cr-00196-001-MMC, attached to the

20   Lim Declaration as **Exhibit "8,"** "Criminal Minutes," Case No. 3:18-cr-00196-001 MMC, attached

21   to the Lim Declaration as **Exhibit "9,"** and "Notice of Related Case; and Notice of Defendant's

22   Guilty Plea and Conviction in Related Criminal Case," Case No. 2:18-cv-00425-GMN-NJK,

23   attached to the Lim Declaration as **Exhibit "10."** , *See*, Lim Dec., ¶27.

## II.    LEGAL ANALYSIS

25      Plaintiff is entitled to summary judgment as to all claims arising from the subject matter of

26   Defendant's prior criminal conviction of wire fraud for two reasons.  First, those facts admitted by

27   Defendant in the Plea Agreement and related documents constitute admissions for the purposes of

28   this civil proceeding and there is therefore no genuine issue of material fact as to Plaintiff's claims

-4-

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA89106

LAS VEGAS  NFVADA89106

1   arising from those facts.   Second, based upon established legal precedent, Defendant is now

2   collaterally estopped from challenging those elements of his guilty plea in a civil proceeding on the

3   same matters.

4   **A.      Summary Judgment is the Proper Procedural Vehicle**

5          As an initial matter, it is clear that Plaintiff has the ability to pursue a civil judgment for

6   those claims proved by the criminal plea. *U.S. v. Chenault*, 1994 WL 1890932, at *1 (N.D. Miss.

7   Oct. 19, 1994) ("[i]f the restitutionary order fails to satisfy the victim, he can seek a civil judgment

8   when the court's jurisdiction ends or even when the restitutionary order is in effect.") (Citations and

9   quotations omitted). Also, as described above, Plaintiff is not seeking to recover additional amounts

10  beyond the restitution order.   Moreover, double recovery by a victim is prohibited under the

11  language of the Mandatory Victim's Restitution Act ("MVRA"). 18 U.S.C. § 3664(j)(2) ("Any

12  amount paid to a victim under an order of restitution shall be reduced by any amount later recovered

13  as compensatory damages for the same loss by the victim in any Federal civil proceeding."). 

14  Furthermore, summary judgment is an accepted procedural vehicle to obtain a civil judgment on

15  claims proved by a criminal plea. *See, e.g., Chenault*, 1994 WL 1890932, at *3-4 (granting summary

16  judgment for civil claims proved by criminal conviction).

17  **B.      Partial Summary Judgment is Proper as There Can be No Genuine Issue of Material
            Fact as to any of Defendant's Admissions in the Criminal Proceeding**
18

19         Summary judgment is appropriate if the record reveals that there is no genuine issue of any

20  material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P 56(c).

21  The pleadings, depositions, admissions, answers to interrogatories, together with any affidavits,

22  must demonstrate that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S.

23  317, 323 (1986).  "Where the record, taken as a whole, could not lead a rational trier of fact to find

24  for the non-moving party, there is no genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith

25  Radio Corp.*, 475 U.S. 574, 587 (1986) (quotations omitted); *Federal Sav. and Loan Ins. v. Kralj*,

26  968 F.2d 500, 503 (5th Cir. 1992).  The facts are reviewed with all reasonable inferences drawn in

27  favor of the party opposing the motion. *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578

28  (5th Cir. 1986).

LAW OFFICES
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA89106

LAS VEGAS  NFVADA89106

-5-

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA89106

LAS VEGAS  NEVADA89106

## C.     Estoppel

Although Plaintiff believes that, as described above, it can obtain judgment in its favor purely on the basis of there being no genuine issue of material fact for the actions admitted to by Defendant, it should also be noted that Defendant is also estopped from controverting those facts in this **civil** proceeding.

While collateral estoppel or issue preclusion typically applies to situations involving two civil causes of action, the doctrine is applicable to situations involving civil and criminal actions. 18 Moore's Federal Practice § 132.02[4] [d] (citing *Neaderland v. Commissioner,* 424 F.2d 639, 642 (2d Cir. 1970) ("[C]riminal judgment which is final may have collateral estoppel effect in a subsequent civil suit involving an identical issue.")  This criminal conviction has collateral estoppel effect for the same issues arising in a civil action. *See, e.g., United States v. Thomas,* 709 F.2d 968, 972 (5th Cir. 1983) ("Because of the existence of a higher standard of proof and greater procedural protection in a criminal prosecution, a conviction is conclusive as to an issue arising against the criminal defendant in a subsequent civil action.").

This rule has also been statutorily codified in the MVRA. 18 U.S.C. § 3664(1). Section 3664(1) of the MVRA states that a conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding, to the extent consistent with State law, brought by the victim.

While the MVRA uses the word "conviction," the Fifth Circuit has repeatedly ruled that there is little difference between a conviction and a plea, particularly in the context of estoppel. *See Brazzell v. Adams,* 493 F.2d 489, 490 (5th Cir. 1974); *Johnson v. Sawyer,* 47 F.3d 716, 722 n. 13 (5th Cir. 1995); *U.S. v. Mwalumba,* 688 F.Supp.2d 565, 568 (N.D. Texas 2010) ("[T]he law in this circuit is that a prior guilty plea is sufficient to establish in subsequent civil litigation all facts that were essential to proving the elements of each crime.").  As a result, Defendant is estopped from challenging those facts and issues in this civil action that were decided in the criminal proceeding.

## III.     STANDARD FOR GRANTING SUMMARY JUDGMENT

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 3:19-01879-MMC

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

LAS VEGAS, NEVADA 89106

1    56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *FTC v. Stefanchik*, 559 F.3d

2    924, 927 (9th Cir. 2009). The Court should enter summary judgment for the moving party where

3    "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."

4    *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

5            While the Court must view the facts in the light most favorable to the non-moving party, that

6    party must come forward with "'specific facts showing there is a *genuine issue for trial*.'"

7    *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)) (emphasis added). In so doing, the

8    defendant may not rely upon bald assertions or conclusory arguments to establish a genuine issue

9    of material fact. *Stefanchik*, 559 F.3d at 929; *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 658 (9th

10   Cir. 2007).

11           Here, because the doctrine of collateral estoppel precludes Libric from contesting the facts

12   found at the criminal trial that led to his conviction, which are also the factual basis of the Plaintiff's

13   Complaint, there can be no genuine issue of material fact for trial. The Court should therefore grant

14   summary judgment for Plaintiff.

## IV.    ARGUMENT

### A.    Summary Judgment Should Be Granted Under Principles of Collateral Estoppel

#### 1.    *Elements of the Collateral Estoppel Doctrine*

18           The doctrine of collateral estoppel prevents a party who received a full and fair opportunity

19   to litigate claims and related issues of fact and law in one action decided against him from re-

20   litigating the same claims and issues of fact and law in a second action.  *Parklane Hosiery Co. v.*

21   *Shore*, 439 U.S. 322, 332-33 (1979).  Thus, once a court has decided an issue of fact necessary to

22   its judgment, that fact is conclusive against the party in subsequent litigation. *Montana v. United*

23   *States*, 440 U.S. 147, 153 (1979).

24           It is well settled that a criminal conviction may be conclusive, and thus may work as an

25   estoppel, in a subsequent civil litigation against a defendant involving issues that were determined

26   in the criminal prosecution.  *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568-69 (1951)

27   (citations omitted); *Hinkle Nw., Inc. v. SEC*, 641 F.2d 1304, 1308-09 (9th Cir. 1981).  Thus, courts

28   frequently enter summary judgment in favor of civil plaintiffs based upon the collateral estoppel

-7-

1    effect of the defendant's conviction in a parallel criminal case.  *See, e.g., SEC v. Bravata*, 3 F. Supp.

2    3d 638, 655 (E.D. Mich. 2014) ("federal courts in this circuit and others routinely grant summary

3    judgment in civil securities fraud actions where the defendant has been convicted on criminal fraud

4    or conspiracy charges based on the same factual circumstances") (citing cases); *Smith v. SEC*, 129

5    F.3d 356, 362 (6th Cir. 1997) (noting that "in order to prevail in the civil action, the SEC now needs

6    only to move for summary judgment on the basis of the collateral estoppel effect of [the criminal]

7    conviction"); *SEC v. Bilzerian*, 29 F.3d 689, 694 (D.C. Cir. 1994); *SEC v. Gruenberg*, 989 F.2d 977

8    (8th Cir. 1993); *SEC v. McGinn, Smith & Co.*, 2015 WL 667848, at *10 (N.D.N.Y. Feb. 17, 2015);

9    *SEC v. Tzolov*, 2011 U.S. Dist. LEXIS 8562, at *3 (S.D.N.Y. Jan. 26, 2011).

10          Courts may enter summary judgment based on the collateral estoppel effect of a criminal

11   conviction even if the charges are not identical, provided the factual determinations underlying the

12   conviction are sufficient to establish the violations at issue in the subsequent action.  *Ivers v. United*

13   *States*, 581 F.2d 1362, 1367 (9th Cir. 1978).  Collateral estoppel bars "successive litigation of an

14   issue of *fact* or law actually litigated and resolved in a valid court determination essential to the prior

15   judgment, *even if the issue recurs in the context of a different claim*."  *Taylor v. Sturgell*, 553 U.S.

16   880, 892 (2008) (citation omitted) (emphasis added).

17          As such, numerous courts across the country have held that the conviction of criminal wire

18   fraud is sufficient to establish liability for civil securities fraud where both cases are based on the

19   same underlying facts or conduct that led to the conviction.  *See, e.g., In re Media Vision Tech. Sec.*

20   *Litig.*, 2003 WL 22227875, at *2 (N.D. Cal. Sept. 23, 2003) (holding that defendants' guilty plea

21   and conviction on wire fraud entitled plaintiffs to summary judgment on their civil claim that

22   defendants violated Section 10(b) and Rule 10b-5); *SEC v. Pace*, 173 F. Supp. 2d 30, 33 (D.D.C.

23   2001) (finding that conviction for two counts of wire fraud collaterally estopped defendant from

24   contesting liability for violating federal securities laws); *SEC v. Dimensional Entm't Corp.*, 493 F.

25   Supp. 1270, 1275-77 (S.D.N.Y. 1980) (finding that wire fraud conviction collaterally estopped re-

26   litigation of Section 10(b) claims under the Exchange Act, even though jury in criminal case

27   acquitted defendant on the very same 10(b) charges); *Bravata*, 3 F. Supp. 3d at 657 ("[c]onvictions

28   for mail fraud, wire fraud, securities fraud, and conspiracy to commit securities fraud suffice to

-8-

LAW OFFICES
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

LAS VEGAS, NEVADA 89106

1    establish claims for securities fraud based on the same facts in a related civil action") (citing cases);

2    *SEC v. Mattera*, 2013 WL 6485949, *7 (S.D.N.Y. Dec. 9, 2013) ("'[p]erhaps the most attractive

3    cases that have extended issue preclusion from criminal convictions to civil actions involve claims

4    by the government for civil remedies based on the same transaction that gave rise to the

5    conviction'") (quoting 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal*

6    *Practice & Procedure* § 4474 (2d ed.)).

7            In the Ninth Circuit, collateral estoppel based on a criminal conviction applies where: (1)

8    the prior conviction was for a serious offense so that the defendant was motivated to fully litigate

9    the charges; (2) there was a full and fair trial; (3) the issue on which the prior conviction is offered

10   was of necessity decided at the criminal trial; and (4) the party against whom the collateral estoppel

11   is asserted was a party at the prior trial. *United States v. Real Prop. Located at Section 18*, 976 F.2d

12   515, 518 (9th Cir. 1992).

13           Here, there can be no dispute that Libric's federal wire fraud conviction was for a serious

14   offense such that he was motivated to fully litigate the charges, that there was a full and fair trial,

15   and that Libric was a party at the underlying criminal proceeding where he entered a guilty plea.

16   The question, therefore, is whether the factual and legal issues for which collateral estoppel is sought

17   here were decided at the criminal trial.  As discussed below, the answer is, "yes."

18           ***2.       Libric Should Disgorge His Ill-Gotten Gains***

19           Disgorgement is an equitable remedy that deprives a defendant of the benefits of his

20   wrongful conduct. *SEC v. Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993).  The Ninth Circuit has

21   observed that disgorgement plays a central role in securities law enforcement. *Id*. at 1491.  To obtain

22   disgorgement, the victim need not provide a detailed accounting; rather, disgorgement need be only

23   a reasonable approximation of a defendant's unjust enrichment.  *SEC v. JT Wallenbrock & Assocs.*,

24   440 F.3d 1109, 1113-14 (9th Cir. 2006) (stating that district court has "broad discretion" in

25   calculating disgorgement, which "requires only a 'reasonable approximation of profits causally

26   connected to the violation' ") (citation omitted); *see also SEC v. First Jersey Secs., Inc.*, 101 F.3d

27   1450, 1474-75 (2d Cir. 1996) (stating that "any risk of uncertainty [in calculating disgorgement]

28   should fall on the wrongdoer whose illegal conduct created that uncertainty") (citation omitted).

-9-

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 3:19-01879-MMC

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA89106

LAS VEGAS  NEVADA89106

1    Here, the criminal case established that Libric fraudulently stole $1.5 million from Plaintiff.

2  *See SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1192 (9th Cir. 1998) (affirming district court grant

3  of disgorgement for proceeds of the offering despite defendant's argument that he received no

4  personal financial benefit as a result of the offering).

5    In addition, prejudgment interest should be assessed on the disgorgement to ensure that

6  Defendant does not benefit from the lapse of time between when he received the individual investor

7  monies and the resolution of this action against him.  *SEC v. Cross Fin. Servs., Inc.*, 908 F. Supp.

8  718, 734 (C.D. Cal. 1995), *aff'd sub nom. SEC v. Colello*, 139 F.3d 674 (9th Cir. 1998). In the Ninth

9  Circuit, prejudgment interest may be calculated using the interest rate specified for postjudgment

10  interest -- the one-year constant maturity Treasury yield.  *See* 28 U.S.C. § 1961; *W. Pac. Fisheries,*

11  *Inc. v. SS President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984); *SEC v. M&A West, Inc.*, 2005 WL

12  2988963, at *2 (N.D. Cal. Oct. 31, 2005) (including formula for computation), *aff'd in part and*

13  *rev'd in part*, 538 F.3d 1043, 1054 (9th Cir. 2008).

14    Here, the amount of prejudgment interest accruing from the time that Moose Run transferred

15  funds to Libric through the present equals at least $325,068.49.   Thus, the full amount of

16  disgorgement and prejudgment interest requested by the Plaintiff totals $1,825,068.49.  *Id*.

17                     **V.     CONCLUSION**

18    For the foregoing reasons, the Plaintiff respectfully requests that this Court enter an order

19  granting summary judgment in favor of the Plaintiff on all Counts.

20    DATED this 13th day of December, 2019.

21                         **SHEPHERD, FINKLEMAN, MILLER**
                           **& SHAH, LLP**
22

23                          /s/ Ronald S. Kravitz
                           RONALD S. KRAVITZ, ESQ.
24                         California Bar No. 129704
                           201 Filbert Street, Suite 201
25                         San Francisco, California  94133
                           Tel:  (415) 429-5272
26                         Fax:  (866) 300-7367
                           rkravitz@sfmslaw.com
27

28                         G. MARK ALBRIGHT, ESQ.
                           Nevada Bar No. 001394

_LAW OFFICES_
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA89106

LAS VEGAS, NEVADA89106

15

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 3:19-01879-MMC

(Admitted *Pro Hac Vice*)
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada  89106
Tel:  (702) 384-7111
Fax:  (702) 384-0605
gma@albrightstoddard.com

*Attorneys for Plaintiff*

LAW OFFICES
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA89106

LAS VEGAS  NFVADA89106

-11-

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 3:19-01879-MMC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of December, 2019, service was made by the Court's ECF system to all of the registered recipients on the electronic service list, a true and correct copy of the foregoing:

1. **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT;**
2. **DECLARATION OF NATALIE LIM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT RENATO LIBRIC AND EXHIBITS 1-10; AND**
3. **[PROPOSED ORDER] GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT RENATO LIBRIC**.

filed by Plaintiff, and a copy was mailed to those indicated as non-registered participants:

> Renato Libric (Inmate Number 24907-111)
> Taft Correctional Institute
> c/o Officer Dale Patrick
> P.O. Box 7000
> Taft, CA  93268

_____/s/ *Marialisa Samo*_____
                 Marialisa Samo

LAW OFFICES
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
A PROFESSIONAL CORPORATION
QUAILPARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106
LAS VEGAS, NEVADA 89106

-12-