RONALD S. KRAVITZ, ESQ., CA #129704
**SHEPHERD FINKLEMAN MILLER & SHAH, LLP**
201 Filbert Street, Suite 201
San Francisco, California 94133
Tel: (415) 429-5272
Fax: (866) 300-7367
rkravitz@sfmslaw.com

G. MARK ALBRIGHT, ESQ., NB #001394 (Admitted Pro Hac Vice)
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
Tel: (702) 384-7111
Fax: (702) 384-0605
gma@albrightstoddard.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOOSE RUN, LLC,<br><br>　　　　Plaintiff,<br>vs.<br><br>RENATO LIBRIC, individually; and DOES I THROUGH 10,<br><br>　　　　Defendant.<br><hr>RENATO LIBRIC,<br><br>　　　　Counter-claimant,<br>vs.<br><br>MOOSE RUN, LLC,<br><br>　　　　Counter-defendant. | CASE NO.: 3:19-cv-01879-MMC<br><br><br><br><br><br><br><br>**NOTICE OF SUGGESTION OF DEATH OF DAVID LIPSON** |

Plaintiff, MOOSE RUN, LLC (hereinafter "Plaintiff"), by and through its undersigned counsel of record, hereby informs the Court that Defendant Libric filed his Counterclaim against David Lipson on December 4, 2019, nearly two months after Mr. Lipson's death, which occurred on October 11, 2019. Thus, the Counterclaim against Mr. Lipson was void as a matter of law.

Federal courts have held that the "the substitution of parties cannot be ordered under Rule 25(a)(1) where the person for whom substitution is sought died prior to being named a party." *Almeida v. Roberts*, 2016 U.S. Dist. LEXIS 9792, *6 citing *Davis v. Cadwell*, 94 F.R.D. 306, 307 (D. Del. 1982); *Mizukami v. Buras*, 419 F.2d 1319 (5th Cir. 1969) (holding that the rule allowing substitution for deceased party where claim is not extinguished by his death was not available to plaintiff in death action where defendant predeceased filing of action); *Laney v. South Carolina Dept. of Corrections*, 2012 U.S. Dist. LEXIS 132273, 2012 WL 4069680 (D. S.C., May 8, 2012) (holding that Rule 25 is not applicable in this case because plaintiff sues a person who was already dead, and not a person who was a proper party and served with process prior to dying).

Therefore, Defendant Libric's attempt to add Mr. Lipson to this action as a Counter-defendant, after Mr. Lipson had died, fails as a matter of law and obviates the need of the Court's further consideration of the matter.

While Plaintiff's counsel has never represented Mr. Lipson individually in this suit, and is under no obligation to inform the Court or Defendant Libric of Mr. Lipson's death under Rule 25 of the Federal Rules of Civil Procedure, Plaintiff files this *Suggestion of Death* as a professional courtesy to the Court, the Clerk, and Defendant Libric, to promote judicial efficiency in this matter.

DATED this 19th day of June, 2020.

**SHEPHERD FINKLEMAN MILLER & SHAH, LLP**

/s/ Ronald S. Kravitz
RONALD S. KRAVITZ, ESQ., CA Bar No. 129704
201 Filbert Street, Suite 201
San Francisco, California 94133
Tel: (415) 429-5272
Fax: (866) 300-7367
rkravitz@sfmslaw.com

G. MARK ALBRIGHT, ESQ., NV Bar No. 001394
(Admitted *Pro Hac Vice*)
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
Tel: (702) 384-7111
Fax: (702) 384-0605
gma@albrightstoddard.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2020, service was made by the Court's ECF system to all of the registered recipients on the electronic service list, a true and correct copy of the foregoing **NOTICE OF SUGGESTION OF DEATH OF DAVID LIPSON** filed by Plaintiff Moose Run, LLC, and a copy was mailed to those indicated as non-registered recipients:

> Renato Libric
> ID #24907-111
> CI North Lake
> 1805 West 32nd Street
> Baldwin, Michigan 49304

/s/ Marialisa Samo
Marialisa Samo